**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| ADAM SCOTT MITCHELL, ) | |
|     Plaintiff, ) | Civil Action No. 7:12-cv-00370 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. ABROKWAH, et al., ) | By: Hon. Michael F. Urbanski |
|     Defendants. ) | United States District Judge |

Plaintiff commenced this action while incarcerated and was permitted to pay the filing fee via installments from a prison trust account, pursuant to 28 U.S.C. § 1915(b). On September 6, 2013, the Defendants filed a motion for summary judgment, and the court allowed Plaintiff to respond to that motion by September 30, 2013. On October 10, 2013, Plaintiff filed both a motion for a sixty-day extension to respond in order to find counsel to represent him and a notice of change of address explaining that he was released from incarceration.[1] Because Plaintiff could no longer pay the filing fee via installments from a prison trust account, the court ordered on November 1, 2013, that Plaintiff should pay the balance of the outstanding filing fee or file some other response within ten days. The court warned that not responding to the Order in some fashion would result in dismissal of this action without prejudice.

Although more than thirty days have elapsed since the court entered its Order and more than sixty days have elapsed since Plaintiff said he was seeking counsel, the court has not received any response from Plaintiff. Accordingly, the court finds that Plaintiff failed to prosecute this action, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed without prejudice, and all pending motions are denied as moot. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-

---

[1] Plaintiff did not explain in the motion for an extension of time why the request was filed after September 30, 2013. See Fed. R. Civ. P. 6(b)(1)(B) (requiring a motion for an extension of time to establish excusable neglect when it is filed after the time to act has expired).

Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

    Entered: December 12, 2013

    /s/ Michael F. Urbanski

    Michael F. Urbanski
    United States District Judge